James Dubois, Defendant in Error, v. M. S. Greenbaum, Plaintiff in Error.

Gen. No. 15,350.

MUNICIPAL COURT—*when judgment by way of default proper.* If the defendant's affidavit of merits is stricken and properly so as setting up no defense, a judgment as upon a default without a trial before a jury, is proper.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed on remittitur. Opinion filed January 13, 1911.

WILLIAM FRIEDMAN and ALPHONSE LEFKOW, for plaintiff in error.

NATHANIEL A. STERN, for defendant in error; MENZ I. ROSENBAUM and LOUIS M. CAHN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

James Dubois brought an action of the fourth class in the Municipal Court against plaintiff in error Greenbaum to recover the value of two barrels of whiskey which the plaintiff in error failed and refused to deliver to the defendant in error upon his request, and for $100 paid by the defendant in error to the plaintiff in error for the purpose of paying the government tax on the whiskey. An affidavit of claim was filed by the defendant in error, plaintiff in the action. Plaintiff in error, defendant, entered his appearance in the cause, and demanded a trial by jury. Subsequently plaintiff in error obtained leave of court to file an affidavit of merits, and filed such an affidavit on January 22, 1909. Four days later, on motion of the defendant in error the court struck the affidavit of merits from the files, and gave plaintiff in error five days in which to file an amended affidavit of merits. On

February 1, 1909, plaintiff in error filed an amended affidavit of merits as follows:

"M. S. Greenbaum makes oath and says that he is the defendant in the above entitled cause, and that he verily believes that he has a good defense to this suit, upon the merits, to the whole of the plaintiff's demand.

"Affiant further says that the defense of the defendant to said suit is as follows:

" 'That the two barrels of whiskey referred to in the plaintiff's statement of claim were part of a lot of five barrels produced by defendant as a distiller and stored in the defendant's distillery bonded warehouse No. 9, Seventh District of Kentucky, and for which defendant issued his original warehouse receipt No. 5555, a copy of which warehouse reecipt is hereto annexed; that said warehouse receipt having become the property of the plaintiff was forwarded by plaintiff to defendant with his request to withdraw the said two barrels from the aforesaid bonded warehouse; that the said distillery bonded warehouse No. 9, was on the 5th day of August, 1908, destroyed by fire with all its contents and among others the whiskey belonging to plaintiff and contained in the aforesaid warehouse receipt; that said warehouse receipt among other conditions recites: 'Loss or damage by fire, the elements, accident, and natural decay of goods at owner's risk;' that on the said 5th day of August at the time of the destruction of the said warehouse by fire, the plaintiff was the owner of said whiskey; and that the defendant was, therefore, not responsible for its loss by fire.'

"For a further defense affiant says that Section 3251 Revised Statutes of the United States provides that: 'Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom;' and that within one month after the production of the whiskey in the above mentioned warehouse receipt recited, to wit, in the month of May, 1903, the defendant entered into

an obligation with proper sureties to the United States of America, 'that he will well and truly pay, unto the collector of internal revenue for the Seventh District of Kentucky, the amount of tax on the said whiskey at the rate imposed by act of Congress of August 28, 1894, Section 3251 Revised Statutes of the United States, to wit, $1.10 per gallon; and that immediately upon the destruction of the distillery warehouse aforesaid, with its contents, the defendant and his sureties became liable to the United States of America for the tax on the bonded spirits stored and destroyed in the said distillery warehouse, of which the aforesaid two barrels claimed by the plaintiff were part, and for the tax payment of which plaintiff paid to defendant one hundred ($100) dollars referred to in plaintiff's statement of claim.

"Affiant further states that the warehouse receipt by means of which plaintiff acquired the whiskey in question provides that: 'The owner of the whiskey under this receipt, in accepting it agrees to furnish the money to pay all taxes when the same become due;' and that the one hundred ($100) dollars in question is now held by defendant to apply his liability to the United States of America under his bond as aforesaid, this being approximately the amount of the tax due.''

A few days later plaintiff obtained leave of court to file a statement of counter claim, and filed it instanter. The statement was as follows:

"Defendant's claim is for the sum of $609.60, which has accrued to defendant in the following manner, to wit:

"Defendant being the owner of United States bonded distillery warehouse No. 9, Seventh District of Kentucky, issued to plaintiff three certain warehouse receipts, now in the possession of plaintiff; that in and by the terms of the aforesaid warehouse receipts the plaintiff became liable for and agreed to pay the United States government tax upon the whiskey described in said warehouse receipts and also storage charges thereon from the first day of May, A. D. 1907; that by act of Congress defendant is liable for said government tax; that on, to wit, the 5th day of August, A. D. 1908, the whiskey described in said warehouse

receipts was destroyed by fire; that under the act of Congress the said U. S. government tax thereupon became due and payable; that therefore there is due and owing defendant from plaintiff:

"16 months storage on 12 barrels of whiskey, from May 1, 1907, to August 5, 1908, at five cents per barrel per month, amounting to the sum of.........................$     9.60
"And also United States government tax of $1.10 per gallon on the said whiskey, amounting to the sum of................    600.00

$609.60"

On February 6, 1909, on motion of defendant in error, the court struck from its files the amended affidavit of merits, and entered a judgment by default against plaintiff in error; and reference being had to the court to assess damages the court assessed damages against plaintiff in error for $168.

Error is assigned here on the ruling of the court striking plaintiff in error's amended affidavit and entering a judgment by default for want of an affidavit of merits, and for not submitting the cause to a jury for trial on the issues.

The amended affidavit of merits did not set up a defense to the action. It did not state that the taxes on the whiskey were ever paid by the plaintiff in error to the Government. It did not deny the fact shown by the affidavit of claims of the defendant in error that plaintiff in error had been paid $100 by defendant in error to be used in paying the government tax. Upon the request to deliver the whiskey to defendant in error, accompanied as it was with the payment to plaintiff in error of an amount sufficient to pay and discharge the Government tax, plaintiff in error was bound under his contract to pay the tax and deliver the whiskey. This he refused to do, and also refused to account for the $100 so paid him. If the plaintiff in error had complied with his contract and delivered the whiskey upon the request of de-

fendant in error the whiskey would not have been destroyed.

It is urged in behalf of plaintiff in error that he had a right to a trial by jury of the issues joined. The court ruled that the affidavit of merits filed by plaintiff in error was insufficient and struck it from the files of the case, and that under the practice of the court the plaintiff was entitled to a judgment by default for want of an affidavit of merits. Under section 19 of the Municipal Court Act that court is the sole judge of its rules of practice and its decisions in respect thereto shall not be subject to review, unless in the opinion of the Supreme Court or Appellate Court such relief is necessary to prevent a failure of justice. In this case we think substantial justice has been done between the parties, except that plaintiff in error under the set-off ought to have been permitted to prove his storage charges. The judgment is therefore affirmed provided the defendant in error shall within ten days remit in writing the sum of $9.60, the storage charge claimed by plaintiff in error from the judgment. If the *remittitur* is not made the judgment will be reversed and the cause remanded for a new trial. The costs of this case shall be taxed against plaintiff in error.

*Affirmed on remittitur.*